UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In the Matter of the Arbitration Between<br><br>JAMES HOWDEN & COMPANY LTD,<br><br>        Petitioner,<br><br>v.<br><br>BOSSART LLC,<br>        Respondent. | NO.<br><br>MEMORANDUM IN SUPPORT OF PETITION TO CONFIRM FOREIGN ARBITRATION AWARD |

Petitioner James Howden & Company LTD ("Petitioner" or "Howden"), by its attorneys, Gordon Thomas Honeywell LLP and Leader & Berkon LLP, respectfully submits this Memorandum of Law in support of its Petition to Confirm Foreign Arbitration Award.

## I.    INTRODUCTION AND RELIEF REQUESTED

This proceeding arises out a foreign arbitration award issued by the International Court of Arbitration of the International Chamber of Commerce (the "ICC") on July 6, 2015. The ICC proceeding was initiated by Respondent Bossart LLC ("Bossart"), agreed to by the parties, and resulted in a binding, final award. The ICC's award required, *inter alia*, that Bossart make certain monetary payments to Howden by August 3, 2015. To date, Bossart has failed to make any payment to Howden.

MEMONRANDUM IN SUPPORT OF PETITION
TO CONFIRM FOREIGN ARBITRATION AWARD - 1 of 10
(Case No. )
[4813-0085-0220]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE WA 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

Accordingly, Howden has filed a Petition to Confirm Foreign Arbitration Award seeking confirmation of the ICC's award, supported by the accompanying Declaration of Michael E. Ricketts and the exhibits thereto (the "Ricketts Declaration"). Confirmation of the award is warranted pursuant to Section 207 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 207, and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 (the "New York Convention"). Indeed, Howden has satisfied all the criteria for confirming the award and none of the available grounds to avoid confirmation apply. Consistent with federal policy in favor of arbitral dispute resolution, and the summary procedures set out in the FAA, the Court should confirm the award as a valid judgment of the Court.

## II. FACTUAL BACKGROUND

Howden is a limited liability company incorporated under the laws of Scotland with its principal place of business in Scotland. Bossart is a limited liability company incorporated under the laws of the State of Washington with its principal place of business in Medina, King County, Washington. In May 2002, Howden and Bossart entered into an Agency Agreement with respect to services to be provided by Bossart regarding the sales of Howden's products. Specifically, Bossart would act as Howden's agent in seeking to market its Howden Donkin blowers in China. The Agency Agreement was later amended by the parties on June 8, 2005 (the "Agency Agreement"). *See* Claimant Bossart's First Memorial, dated February 7, 2014, with accompanying Exhibit 1 (annexing the Agency Agreement at pages 18-37) that was filed with the ICC. (Exhibit A to the Ricketts Declaration.)

MEMONRANDUM IN SUPPORT OF PETITION
TO CONFIRM FOREIGN ARBITRATION AWARD - 2 of 10
(Case No.   )
[4813-0085-0220]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE WA 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

Pursuant to Clause 15 of the Agency Agreement, the parties agreed to settle all disputes and controversies arising out of the agreement by arbitration under the arbitration rules of the International Chamber of Commerce:

> All disputes and controversies arising in connection with this Agreement which the parties are unable to adjust between themselves shall be finally settled under the arbitration rules of the International Chamber of Commerce, Geneva. Judgment upon the award rendered may be entered in a court for judicial acceptance of the award and any order of enforcement as the case may be.

(Ricketts Declaration ¶ 3; Exhibit A (Clause 15).)

On August 16, 2013, in connection with a dispute concerning commissions and other payments purportedly owed by Howden to Bossart under the Agency Agreement, *Bossart* filed a request for arbitration with the ICC in accordance with Clause 15 of the Agency Agreement.

On November 14, 2013, the ICC appointed Mr. Philip Clifford as sole arbitrator for the dispute.

On December 19, 2013, the parties agreed and executed Arbitral Terms of Reference (the "Terms of Reference") in connection with the ICC proceeding. Significantly, the parties agreed in the Terms of Reference that Article 15 of the Agency Agreement was applicable to the parties' dispute and that it would be "resolved by arbitration under the ICC Rules, with the place (seat) of the arbitration being Geneva, Switzerland." (*See* Ricketts Declaration ¶ 4; Exhibit B at Section 3.2.) The parties also confirmed in the Terms of Reference the appointment of Mr. Philip Clifford as sole arbitrator and that neither party had any objections or reservations to his appointment. (*See* Ricketts Declaration ¶ 4; Exhibit B at Section 1.9.) The Terms of Reference also note that any hearings or meetings in connection with the arbitration could be held in

MEMONRANDUM IN SUPPORT OF PETITION
TO CONFIRM FOREIGN ARBITRATION AWARD - 3 of 10
(Case No.   )
[4813-0085-0220]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE WA 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

London, England, the language of the arbitration would be English, and that the Agency Agreement would be governed by English law. (*See* Ricketts Declaration ¶ 4; Exhibit B at Sections 3.3, 3.5 and 3.6.) Additionally, the Terms of Reference state that "the Tribunal was not bound by any strict rules of evidence" and that it could "rely upon any evidence it considers helpful and will determine the relevance, materiality and weight of evidence before it." (*See* Ricketts Declaration ¶ 4; Exhibit B at Section 3.9.)

Finally, the parties agreed in the Terms of Reference that any award issued by the arbitrator would be "deemed conclusively to be made at the seat of the arbitration but may be signed by the Tribunal elsewhere" and that "[n]o Party shall seek to rely upon any argument to the effect that. . .[the award] shall be of limited validity . . . or []that [the award was] not made, as a matter of their legal effect, in Geneva by reason of their having in fact been signed elsewhere than in Geneva." (*See* Ricketts Declaration ¶ 4; Exhibit B at Sections 3.4.)

On December 16 and 18, 2014, final arbitration hearings took place at the International Dispute Resolution Centre in London and on July 6, 2015, Mr. Philip Clifford issued a 59-page final award in connection with the arbitration. *See* Ricketts Declaration, ¶ 5; Exhibit C (the "Award").)

The Award required the following monetary payments to be made by the parties:

- Howden was required to pay Bossart $165,773.87 within 28 days of the Award in relation to outstanding commission with interest running from the date of the Award until payment is made at 5% per annum; and

//

/

MEMONRANDUM IN SUPPORT OF PETITION
TO CONFIRM FOREIGN ARBITRATION AWARD - 4 of 10
(Case No.  )
[4813-0085-0220]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE WA 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

- Bossart was required to pay Howden the sum of EUR €385,026.81 within 28 days of the Award in connection with Howden's costs in connection with the arbitration and $500 for fees paid by Howden to the ICC. The Award also required Bossart to pay interest on these amounts at a rate of 5% per annum from the date of the Award until the date of full payment.

(*See* Ricketts Declaration ¶ 5; Exhibit C at 58-59.)[1]

On August 3, 2015, 28 days after the issuance of the Award, Bossart failed to make payment to Howden.

### III. LEGAL AUTHORITY AND ARGUMENT

Howden's Petition to Confirm the Foreign Arbitration Award should be granted. "Confirmation of foreign arbitration awards is governed by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards . . . known as the New York Convention, and federal law implementing the Convention, 9 U.S.C. §§ 201-208." *Ministry of Defense and Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Defense Systems, Inc.*, 665 F.3d 1091, 1095 (9th Cir. 2011). Pursuant to Section 207 of the FAA, a court is required to "confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the [New York Convention]". *See* 9 U.S.C. § 207. The "grounds for refusing to confirm an award are . . . construed narrowly, and the party opposing recognition or enforcement bears the burden of establishing that a defense applies." *See Ministry of Def. & Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Def. Sys., Inc.*, 665 F.3d

---

[1] Following confirmation of the Award by the Court, Petitioner Howden will separately seek entry of a judgment that sets off the dual awards, which will result in a judgment in its favor in the net amount of EUR €278,947.75, with interest accruing on this sum at a daily rate of EUR €38.21. As of August 3, 2015, the principal sum plus interest owned by Bossart to Howden (after set-off is applied) is EUR €280,017.63.

MEMONRANDUM IN SUPPORT OF PETITION
TO CONFIRM FOREIGN ARBITRATION AWARD - 5 of 10
(Case No.   )
[4813-0085-0220]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE WA 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

1091, 1096 (9th Cir. 2011) (citation omitted). Indeed, "[c]onsistent with the 'emphatic federal policy in favor of arbitral dispute resolution' recognized by the Supreme Court . . . the FAA affords the district court little discretion in refusing or deferring enforcement of foreign arbitral awards." *Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 727 (D.C. Cir. 2012) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 631 (1985)); *see also Injazat Tech. Fund, B.S.C. v. Najafi*, No. C 11-4133 PJH, 2012 WL 1535125, at *2-3 (N.D. Cal. May 1, 2012) ("[a] district court's review of a foreign arbitration award is quite circumscribed . . . Absent extraordinary circumstances, a confirming court is not to reconsider an arbitrator's findings.").

Additionally, the confirmation of an arbitration award "is a summary proceeding that converts a final arbitration award into a judgment of the court . . .[and] [o]nce an award is confirmed, it has the same force and effect as a judgment in a civil action, and may be enforced by any means available to enforce civil judgments. *See Ministry of Defense and Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Defense Sys., Inc.*, 665 F.3d 1091, 1094 n. 1 (9th Cir. 2011); *see also D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) ("confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified or corrected.") (internal quotes omitted)). "Any application to the court [under the FAA] shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided." 9 U.S.C. § 6.[2]

---

[2] Howden's Petition is brought pursuant to Chapter 2 of the FAA, 9 U.S.C. §§ 201-208. While 9 U.S.C. § 6 is within Chapter 1, the procedures specified therein are applicable pursuant to 9 U.S.C. § 208. ("Chapter 1 applies to actions and proceedings brought under this chapter to the extent that chapter is not in conflict with this chapter or the Convention as ratified by the United States.")

MEMONRANDUM IN SUPPORT OF PETITION
TO CONFIRM FOREIGN ARBITRATION AWARD - 6 of 10
(Case No. )
[4813-0085-0220]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE WA 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

## A. The Petition to Confirm the Award Should Be Granted Because the Award Satisfies the Requirements of the FAA and the New York Convention

Howden's Petition should be granted because it has satisfied all the criteria for confirming the award and none of the available grounds to avoid confirmation apply.

First, the provisions of the FAA and the New York Convention apply to the ICC proceeding at issue here because the Award issued is an international arbitration award involving a foreign party relating to a commercial agreement regarding performance abroad (China). *See* 9 U.S.C.A. § 202 ("[a]n arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a . . . contract, or agreement . . . falls under the Convention. An agreement or award arising out of such a relationship which is entirely between citizens of the United States shall be deemed not to fall under the Convention unless that relationship involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states . . .").

Second, the FAA and the New York Convention provide this Court with subject matter jurisdiction over this dispute. *See* 9 U.S.C.A. § 203 ("[a]n action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States . . . shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy.").

Third, a party seeking confirmation of a foreign arbitration award must apply for an order confirming the award within three years after the award is made:

> Within three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration. The court shall confirm the award unless it finds

MEMONRANDUM IN SUPPORT OF PETITION
TO CONFIRM FOREIGN ARBITRATION AWARD - 7 of 10
(Case No. )
[4813-0085-0220]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE WA 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention.

9 U.S.C. § 207.

Here, the award was issued in June 2015 and Howden's Petition to confirm has been filed less than one year later. Additionally, as required by the New York Convention, Howden has included with its Petition a certified original copy of the Award and a certified copy of Bossart's First Memorial, dated February 7, 2014, with accompanying Exhibit 1, which annexes the parties' agreement to arbitrate the dispute. *See* Article IV of the New York Convention. Howden's Petition for confirmation of the Award is therefore properly before this Court and should be granted.

Finally, the Petition must also be granted because Bossart has no basis to challenge confirmation. Federal law is clear that "recognition and enforcement of an award may be refused *only* if the party against whom the award is invoked furnishes proof of one of the enumerated grounds." *See Reynolds v. Lomas*, No. C 11-03218 JSW, 2012 WL 4497358, at *2-3 (N.D. Cal. Sept. 28, 2012) (emphasis added). Under the grounds set forth under Article V of the New York Convention, Bossart must therefore establish that:

- The parties to the agreement . . . were . . . under some incapacity, or the said agreement is not valid under the law to which the parties have subjected it or, failing any indication thereon, under the law of the country where the award was made; or

- The party against whom the award is invoked was not given proper notice of the appointment of the arbitrator or of the arbitration proceedings or was otherwise unable to present his case; or

- The award deals with a difference not contemplated by or not falling within the terms of the submission to arbitration, or it contains decisions on matters beyond the scope of the submission to arbitration, provided that, if the decisions on matters submitted to arbitration can be separated from

MEMONRANDUM IN SUPPORT OF PETITION
TO CONFIRM FOREIGN ARBITRATION AWARD - 8 of 10
(Case No. )
[4813-0085-0220]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE WA 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

- those not so submitted, that part of the award which contains decisions on matters submitted to arbitration may be recognized and enforced; or

- The composition of the arbitral authority or the arbitral procedure was not in accordance with the agreement of the parties, or, failing such agreement, was not in accordance with the law of the country where the arbitration took place; or

- The award has not yet become binding on the parties, or has been set aside or suspended by a competent authority of the country in which, or under the law of which, that award was made.

See *Reynolds v. Lomas*, No. C 11-03218 JSW, 2012 WL 4497358, at *2-3 (N.D. Cal. Sept. 28, 2012).

None of these circumstances apply here. Indeed, where, as here, "there is no showing that one of the defenses to the New York Convention applies, confirmation of the award is proper." See *MediVas, LLC v. Marubeni Corp.*, 592 F. App'x 642, 643-44 (9th Cir. 2015); *see also Ministry of Def. of the Islamic Republic of Iran v. Gould, Inc.*, 969 F.2d 764, 770 (9th Cir. 1992) ("the court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the [New York] Convention.") (internal quotation marks and emphasis omitted)); *Reynolds v. Lomas*, No. C 11-03218 JSW, 2012 WL 4497358, at *1-2 (N.D. Cal. Sept. 28, 2012) (finding no showing of any grounds set forth under Article V of the New York Convention to apply and granting motion to confirm arbitration award).

Howden and Bossart are sophisticated parties that agreed to resolve their dispute pursuant to binding arbitration with the International Court of Arbitration of the International Chamber of Commerce. Both parties were represented by counsel and participated in evidentiary hearings before an appointed arbitrator. Neither party raised any objections or reservations to the appointment of the arbitrator, Mr. Phillip Clifford. On July 6, 2015, Mr. Clifford issued a 59-page final award in connection with the arbitration.

MEMONRANDUM IN SUPPORT OF PETITION
TO CONFIRM FOREIGN ARBITRATION AWARD - 9 of 10
(Case No.   )
[4813-0085-0220]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE WA 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

*See* Exhibit C to the Ricketts Declaration. Mr. Clifford's Award resolved all claims and defenses raised by the parties in connection with the dispute at issue and the Award is final and binding on both parties. Accordingly, pursuant to Section 207 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 207, and the provisions of the New York Convention, the Award should be confirmed by this Court.

## IV. CONCLUSION

For the foregoing reasons, Petitioner James Howden & Company LTD respectfully requests that this Court issue an order confirming the arbitration award issued by the International Court of Arbitration of the International Chamber of Commerce on July 6, 2015.

Dated this 15th day of December, 2015.

GORDON THOMAS HONEYWELL LLP

By: /s/ Michael E. Ricketts
Michael E. Ricketts, WSBA No. 9387
mricketts@gth-law.com
GORDON THOMAS HONEYWELL LLP
600 University, Suite 2100
Seattle, WA 98104-4185
Tel: (206) 676-7500
Fax: (206) 676-7575

*Attorneys for Petitioner James Howden & Company LTD.*

MEMONRANDUM IN SUPPORT OF PETITION
TO CONFIRM FOREIGN ARBITRATION AWARD - 10 of 10
(Case No. )
[4813-0085-0220]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE WA 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575